Matter of Seedorf (2022 NY Slip Op 05598)

Matter of Seedorf

2022 NY Slip Op 05598

Decided on October 06, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Dianne T. Renwick
Troy K. Webber
Jeffrey K. Oing
Lizbeth González, JJ.

Motion No. 2022-03037 Case No. 2020-03825 

[*1]In the Matter of Marc A. Seedorf, (Admitted as Marc Andrew Seedorf), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marc A. Seedorf (OCA Atty. Reg. No. 1809870.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 18, 1982.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Marc A. Seedorf, pro se.

Per Curiam 

Respondent Marc A. Seedorf was admitted to the practice of law in the State of
New York by the First Judicial Department on January 18, 1982, under the name Marc Andrew Seedorf. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
By joint motion, the Attorney Grievance Committee (AGC) and respondent ask this Court, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), to suspend him from the practice of law for a period of three years, effective as of December 1, 2020, the date of his interim suspension, based upon the stipulated facts and consent of the parties (190 AD3d 374 [1st Dept 2020]).
On December 6, 2019, respondent pleaded guilty in the United States District Court for the Southern District of New York to tax evasion in violation of 26 USC § 7201, a felony under the United States Code. During his plea allocution respondent acknowledged that from 2009 through in or about October 2019, he knowingly and willfully evaded payment of a substantial part of his federal income taxes by various means, including by failing to file personal tax returns. On September 15, 2020, respondent was sentenced to a term of imprisonment of six months, three years of supervised release and a fine of $55,000. Respondent has since paid the fine and court fees, and has paid $298,970 in back taxes and penalties to the IRS.
By order entered December 1, 2020, this Court determined that the crime of which respondent had been convicted was a serious crime, immediately suspended him from the practice of law, and appointed a referee to hold a hearing on the appropriate sanction to impose within 90 days of respondent's release from prison (190 AD3d 374 [1st Dept 2020], supra).
Respondent admits that he was convicted of an offense which is defined as "serious crimes" under New York law, and by virtue of his conduct described above, he engaged in illegal conduct, in violation of rule 8.4(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of rule 8.4(c), and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h).
The parties agree that, in accordance with the case law and considering the factors in aggravation and mitigation, a suspension of three years, retroactive to his interim suspension dated December 1, 2020, is appropriate. With regard to aggravation, respondent was issued a Letter of Admonition in October 2008 for neglecting a legal matter entrusted to him in violation of now rule 1.3(b). As to mitigation, respondent is active in his community volunteering with numerous events, communities and boards; he cooperated with the United States Attorney's Office and the AGC during their respective investigations[*2]; he is well regarded in the legal community; he expressed his remorse and contrition for his misconduct; and given the circumstances of the misconduct and the penalties he has already received, including financial penalties and the interim suspension from the practice of law, there is little likelihood that respondent's misconduct will recur.
This Court has previously imposed a range of sanctions, typically two- to three-year suspensions, on attorneys convicted in cases involving similar federal tax-related misconduct (see e.g. Matter of Cohen, 159 AD3d 113 [1st Dept 2018]; Matter of O'Brien, 136 AD3d 95 [1st Dept 2015]).
Accordingly, the parties' motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of three years, effective nunc pro tunc to December 1, 2020, or for the period of his supervised release, whichever is longer.
All concur. IT IS ORDERED that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Marc A. Seedorf, admitted as Marc Andrew Seedorf, is suspended from the practice of law in the State of New York for a period of three years, effective nunc pro tunc to December 1, 2020, or for the period of his supervised release, whichever is longer, and until further order of this Court, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Marc A. Seedorf, admitted as Marc Andrew Seedorf , shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other pubic authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that respondent, Marc A. Seedorf, admitted as Marc Andrew Seedorf, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 12540.15), which are made part of hereof; and
IT IS FURTHER ORDERED that if respondent Marc A. Seedorf, admitted as Marc Andrew Seedorf, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: October 6, 2022